UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Brian Kaibel, Daniel Dotse,** <br> **Garfield Campbell, and** <br> **Rick Iskierka,** | Civil No. 11-1231 (SRN/JJK) |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| v. | |
| **Municipal Building Commission,** <br> **Mike Opat, individually and in his** <br> **representative capacity,** <br> **R.T. Rybak, individually and in his** <br> **representative capacity, Mark Stenglein,** <br> **individually and in his representative** <br> **capacity, and Lisa Goodman, individually** <br> **and in her representative capacity,** | |
| Defendants | |

Daniel W. Schermer, Daniel W. Schermer, P.A., 700 Lumber Exchange Building, 10 South 5th Street, Minneapolis, Minnesota 55402, and Judith K. Schermer, Judith K. Schermer, PLLC, 10 South Fifth Street, Suite 700, Minneapolis, Minnesota 55402

Amanda M. Trelstad and Timothy S. Skarda, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, Minnesota 55415, for Defendants Municipal Building Commission, Rybak and Goodman; Charles H. Salter, Hennepin County Attorney's Office, A2000 Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, for Defendants Opat and Stenglein

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiffs' Petition for Attorneys' Fees and Costs [Doc.

No. 58].[1] Defendants oppose the petition. For the reasons set forth herein, Plaintiffs' petition is denied.

## I.     BACKGROUND

In its November 2, 2011 ruling on Plaintiffs' Petition for a Writ of Mandamus, this Court concluded that Plaintiffs were entitled to the issuance of an alternative writ of mandamus. (Order at 13 [Doc. No. 53].) The Court found that Plaintiffs, tenured employees with the Municipal Building Commission ("MBC"), were removed or discharged, not for cause, without written charges, and without a hearing, in violation of Minn. Stat. § 383B.751 (the "MBC Statute"). The MBC Statute does not permit the removal of such employees without a majority vote for cause, upon written charges, with a right to a hearing before the MBC. Minn. Stat. § 383B.751. However, because Minnesota case law provided some discretion for the removal of public employees based on the elimination or abolishment of positions, the Court concluded that a valid excuse for nonperformance could be given. (Id.) (citing Minn. Stat. § 586.04.) But because the Court found that Defendants failed to present sufficient evidence supporting their position that Plaintiffs' positions had been eliminated, the Court presented Defendants with a choice - Defendants could either reinstate Plaintiffs and provide them back pay, or show cause, at a full evidentiary hearing, as to why Defendants had not complied with the MBC. (Id. at 14.) The Court noted that its decision was based entirely on Plaintiffs' request for mandamus relief arising under the MBC statute, and did not address Plaintiffs' claims for relief arising under 42 U.S.C. § 1983 or their statutory claims for unpaid wages arising under the Minnesota Payment of Wages Act, Minn. Stat. § 181.10, et seq. (Id.)

---

[1] The Court refers to the moving party herein as "Plaintiffs."

In connection with its Memorandum and Order, the Court also issued an Alternative Writ of Mandamus [Doc. No. 54].  In the Writ, the Court noted that mandamus was the appropriate remedy to compel Plaintiffs' reinstatement to their former positions, and that pursuant to Minn. Stat. § 181.101 and § 181.171, Plaintiffs were entitled to recover back wages and reasonable attorney's fees and costs.  (Writ ¶ 13.)  If Defendants chose to reinstate Plaintiffs and to provide back pay and all other lost compensation from the date of their discharge to the date of their reinstatement, the Court noted that Plaintiffs' counsel "may file a fee petition."  (Writ at 4.)

On November 22, 2011, Defendants filed a Return to the Writ, in which they indicated that they had chosen to reinstate Plaintiffs, providing them with no loss in their tenure and all applicable back pay and lost compensation.  (Return to Writ at 2 [Doc. No. 55].)  Defendants, however, expressed their opposition to any fee petition to be filed by Plaintiffs' counsel.  (Id.)

Counsel for Plaintiffs filed the instant Petition for fees and costs on December 12, 2011. Plaintiffs contend that they are entitled to recover reasonable attorney's fees pursuant to certain provisions of the Minnesota Payment of Wages Act, specifically Minn. Stat. Stat. § 181.101 and § 181.171.  Defendants oppose the Petition.  Defendants contend that, by the terms of the Court's ruling, Plaintiffs did not prevail on their Payment of Wages Act claims and are therefore not entitled to attorney's fees and costs under that statute.  Moreover, Defendants argue that attorney's fee awards under the Act are only available to employees who have worked for and have earned wages, but have not been paid.  Defendants contend that the facts of this case do not fall within the Act.  Defendants further argue that, even assuming that Plaintiffs' fee petition is permissible, the requested amount is unreasonable.

3

## II. DISCUSSION

Under the Payment of Wages Act, a court may order an employer found to have violated the Act to pay attorney fees to the aggrieved party. Minn. Stat. § 181.171. Regardless of the viability of Plaintiffs' claims under the Act, as the Court stated in its Order [Doc. No. 53 at 14], mandamus relief was granted under the applicable mandamus statute, Minn. Stat. § 586.03, for violation of the terms of the MBC Statute, Minn. Stat. § 383B.751. The Court specifically noted that while Defendants raised certain arguments in opposition with respect to Plaintiffs' other claims, i.e., the § 1983 and statutory wages claims, the Court's ruling was confined to the grounds under which mandamus relief was sought, i.e., the MBC Statute, Minn. Stat.§ 383B.751.

The "'basic point of reference'" on questions of attorney fees is the "American Rule" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Hardt v. Reliance Standard Life Ins. Co., __ U.S. __, 130 S. Ct. 2149, 2156-57 (2010). Under the Payment of Wages Act, an employer found to have violated a provision of the Payment of Wages Act is required to pay the aggrieved party "reasonable costs, disbursements, witness fees, and attorney fees." Minn. Stat. § 181.171, Subd. 3. However, the Court's November 2, 2011 ruling was based solely on Plaintiffs' claims arising under the MBC Statute, Minn. Stat. § 383B.751. The provisions of the Payment of Wages Act are therefore inapplicable to a determination of whether attorney's fees are permissible, and any statement to the contrary in this Court's Writ of November 2, 2011 [Doc. No. 54] was incorrect, as it would be inconsistent with the basis for the Court's relief, which was premised on the MBC Statute, Minn. Stat. §

383B.751.[2]

The Court therefore turns to whether either the MBC or Minnesota's mandamus statutes, Minn. Stat. §§ 586.01-.12, provide for attorney's fees. The MBC statute is silent as to whether a successful litigant is entitled to seek reasonable attorney's fees, and this Court is unaware of any legal authority interpreting that statute providing for the recovery of attorney's fees.

Under a section of Minnesota's mandamus statutes, "[a] plaintiff who is given judgment, shall recover the damage sustained, together with costs and disbursements, and a peremptory mandamus shall be awarded without delay." Minn. Stat. § 586.09. In a motion brought by successful mandamus petitioners to recover attorney's fees incurred in the issuance of a peremptory writ of mandamus, the Minnesota Supreme Court interpreted this statute, holding that attorney's fees and related costs and expenses were not recoverable as "damage" under this section. Fownes v. Hubbard Broadcasting, Inc., 246 N.W.2d 700, 703-04 (Minn. 1976). In reaching its decision, the court relied on the general American rule that attorney's fees are not recoverable as an item of damages unless there is a specific contract permitting such recovery or such fees are authorized by statute. Id.

While Minn. Stat. § 586.09 speaks to a peremptory writ of mandamus, and the facts of Fownes involved a peremptory writ of mandamus, as opposed to an alternative writ, as was issued in this case, the court's reasoning is equally applicable here and controls this Court's decision. There is no express language in Minnesota's mandamus statute, including Minn. Stat. § 586.03, which applies to the issuance of alternative writs of mandamus, providing for the

---

[2] Because Plaintiffs' claims arising under Minn. Stat. §§ 181.10, 181.13 and 181.171 did not form the basis for the Court's relief, the Court need not address Defendants' additional argument that these statutory provisions are factually inapplicable to this case.

recovery of attorney's fees. Accordingly, as no statutory or contractual language provides for the recovery of attorney's fees, the general rule applies wherein each litigants pays his or her own attorney's fees.[3]

**THEREFORE, IT IS HEREBY ORDERED THAT**:

Plaintiffs' Petition for Attorneys' Fees and Costs [Doc. No. 58] is **DENIED**.

Dated: April 17, 2012

                                                    s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge

---

[3] Defendants do not contest the award of back pay to Plaintiffs. Such relief falls under the payment of "damages" in Minn. Stat. § 586.09, and has been awarded to mandamus petitioners in employment cases. Schiltz v. City of Duluth, No. C3-89-53, 1990 WL 48530, *1 (Minn. Ct. App. April 24, 1990).