UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Brian Kaibel, Daniel Dotse,** <br> **Garfield Campbell, and** <br> **Rick Iskierka,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **Municipal Building Commission,** <br> **Mike Opat, individually and in his** <br> **representative capacity,** <br> **R.T. Rybak, individually and in his** <br> **representative capacity, Mark Stenglein,** <br> **individually and in his representative** <br> **capacity, and Lisa Goodman, individually** <br> **and in her representative capacity,** <br><br> **Defendants** | Civil No. 11-1231 (SRN/JJK) <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

---

Daniel W. Schermer, Daniel W. Schermer, P.A., 700 Lumber Exchange Building, 10 South 5th Street, Minneapolis, Minnesota 55402, and Judith K. Schermer, Judith K. Schermer, PLLC, 10 South Fifth Street, Suite 700, Minneapolis, Minnesota 55402

Amanda M. Trelstad and Timothy S. Skarda, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, Minnesota 55415, for Defendants Municipal Building Commission, Rybak and Goodman; Charles H. Salter, Hennepin County Attorney's Office, A2000 Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, for Defendants Opat and Stenglein

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is an April 19, 2012 letter from Plaintiffs' counsel in this matter [Doc. No. 67], which the Court views as a request to permit a motion for reconsideration of the Court's April 17, 2012 Order on Plaintiffs' Petition for Fees and Costs [Doc. No. 66]. For the reasons

set forth herein, Plaintiffs' request is denied.

In its April 17, 2012 Order denying Plaintiffs' Petition for Fees and Costs, this Court addressed its Order of November 2, 2011 [Doc. No. 53] and accompanying Alternative Writ of Mandamus [Doc. No. 54].)  In the November 2 Order concerning Plaintiffs' request for mandamus relief, the Court specifically based its ruling on Plaintiffs' claims arising under Minn. Stat. § 383B.751, relating to the Municipal Building Commission (the "MBC Statute").  (Order of 11/2/11 at 13-14 [Doc. No. 53].)

The accompanying Writ of Mandamus states that, "pursuant to Minn. Stat. § 181.171, where the employer has failed to pay wages to its employees, an award of attorney's fees, costs and disbursements is mandatory."  (Writ at 3, ¶ 8 [Doc. No. 54].)  This is a correct statement of the law as it relates to causes of actions arising under the Minnesota Payment of Wages Act, Minn. Stat. § 181.10, et seq.  However, this Court's ruling on Plaintiffs' mandamus request was based on Plaintiffs' claims under the MBC Statute, not under the Minnesota Payment of Wages Act.  (Order of 11/2/11 at 13-14 [Doc. No. 53].)  As stated in the April 17, 2012 Order, "[t]he provisions of the Payment of Wages Act are therefore inapplicable to a determination of whether attorney's fees are permissible, and any statement to the contrary in this Court's Writ of November 2, 2011 [Doc. No. 54] was incorrect, as it would be inconsistent with the basis for the Court's relief, which was premised on the MBC Statute, Minn. Stat. § 383B.751."  (Order of 4/17/12 at 4 [Doc. No. 66].)

In support of their argument objecting to the Court's denial of the fee petition, Plaintiffs cite to language in the Writ providing, "Despite due demand, the Commission has refused to rescind the Petitioners' termination, to reinstate them as tenured employees of the Commission,

and to pay them the wages due them as tenured employees." (Letter of 4/19/12 from J. Schermer to Judge Nelson at 1) (citing Writ at 3, ¶ 9 [Doc. No. 54].)  This provision simply recognizes that, consistent with the accompanying November 2 Order, Plaintiffs were entitled to reinstatement and back wages, based on their claims under the MBC statute, and Minnesota authority which permits the payment of back wages as "damages" under Minn. Stat. § 586.09. See Schiltz v. City of Duluth, No. C3-89-53, 1990 WL 48530, *1 (Minn. Ct. App. April 24, 1990).   It does not support Plaintiffs' argument that they are entitled to attorney's fees and costs.

Plaintiffs cite to State ex rel. Spurck v. Civil Service Board, et al., 32 N.W.2d 574 (Minn. 1948), for the proposition that "a mandamus action may be combined with other causes of action so that a petitioner may be afforded complete relief." (Letter of 4/19/12 from J. Schermer to Judge Nelson at 2.)  The Court disagrees with Plaintiffs' reading of Spurck.  Spurck involved an appeal on a writ of certiorari by a civil service employee from an order of the state civil service board affirming the civil service director's classification of the employee's job.  32 N.W.2d at 240-43. Mr. Spurck also had a pending appeal in a related mandamus proceeding.  Concluding that, as a veteran, Spurck had been entitled to a higher level of civil service classification as a matter of law, the court considered, on certiorari, whether to remand the matter to the administrative board for a full trial:

> Ordinarily, reversal would require a trial before the civil service board in accordance with the views herein expressed. But, there is no occasion here for such a trial because this proceeding in certiorari establishes petitioner's rights and the pending mandamus proceeding affords a remedy for their enforcement. While the court cannot in a certiorari proceeding direct the administrative agency upon reversal of its determination as to the precise course it shall pursue, even though the court's decision is binding upon the agency . . . , it can by writ of mandamus compel performance of a judicially determined mandatory duty as we have decided today in the companion mandamus action. State ex rel. Jenkins v. Ernest, 197 Minn. 599, 268 N.W. 208. See, Personal Loan Co. v. Personal Finance Co.,

3

> 213 Minn. 239, 6 N.W.2d 247. Where the interests of justice so require, separate judicial proceedings may be integrated so as to afford the parties the relief to which the law entitles them. This proceeding in certiorari should be treated as ancillary to the one in mandamus, to the end that the right established here may be enforced there.

Id. at 252-53.  The court's ruling concerned combining "separate judicial proceedings" (mandamus and certiorari), as opposed to relief on separate theories of liability, as Plaintiffs seek to do here.  Id. at 252 (emphasis added).  Moreover, unlike this case, the context of Spurck involved proceedings in mandamus and certiorari: "[c]ertiorari may be used as ancillary to mandamus, and where it is mandatory[,] rights established on certiorari will be enforced by mandamus." Id. at 253 (citations omitted).  Spurck is procedurally and factually inapposite.

Here, Plaintiffs are simply not entitled to an award of attorneys fees and costs as provided in Minn. Stat. § 181.171, because the issuance of mandamus relief was premised on the MBC statute, Minn. Stat. § 383B.751, which contains no provision for the award of attorney's fees and costs.  Minnesota's mandamus statutes also do not provide for attorney's fees and costs.  Moreover, the Minnesota Supreme Court has held that the provision of the mandamus statute regarding "damages," Minn. Stat. § 586.09, does not provide for the recovery of attorney's fees and costs. Fownes v. Hubbard Broadcasting, Inc., 246 N.W.2d 700, 703-04 (Minn. 1976).   Because no statutory or contractual language provides for the recovery of attorney's fees, the general "American rule" applies wherein each litigant pays his or her own attorney's fees.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

Defendants' letter request [Doc. No. 67] to permit a motion for reconsideration of this

4

Court's April 17, 2012 Order is **DENIED**.                             .

Dated: April 24, 2012

<u>s/Susan Richard Nelson</u>  
SUSAN RICHARD NELSON  
United States District Judge