UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Brian Kaibel, Daniel Dotse, Garfield Campbell, and Rick Iskierka,** | Civil No. 11-1231 (SRN/JJK) |
| **Plaintiffs,** | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| **Municipal Building Commission, Mike Opat, individually and in his representative capacity, R.T. Rybak, individually and in his representative capacity, Mark Stenglein, individually and in his representative capacity, and Lisa Goodman, individually and in her representative capacity,** | |
| **Defendants** | |

_____

Daniel W. Schermer, Daniel W. Schermer, P.A., 700 Lumber Exchange Building, 10 South Fifth Street, Minneapolis, Minnesota 55402, and Judith K. Schermer, Judith K. Schermer, PLLC, 10 South Fifth Street, Suite 700, Minneapolis, Minnesota 55402

Amanda M. Trelstad and Timothy S. Skarda, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, Minnesota 55415, for Defendants Municipal Building Commission, Rybak and Goodman; Charles H. Salter, Hennepin County Attorney's Office, A2000 Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, for Defendants Opat and Stenglein

_____

SUSAN RICHARD NELSON, United States District Judge

      Before the Court is a July 10, 2012 letter from Plaintiffs' counsel in this matter [Doc. No. 75], which the Court views as a request to permit a motion for reconsideration of the Court's

previous rulings on Plaintiffs' Petition for Fees and Costs [Doc. No. 66].  Defendants responded to Plaintiffs' letter [Doc. No. 76], requesting that Plaintiffs' request be denied, and Plaintiffs filed a letter in reply [Doc. No. 77].  For the reasons set forth herein, Plaintiffs' request is denied.

The Court has previously addressed the background of Plaintiffs' Petition for Fees and Costs in its Order of April 17, 2012 [Doc. No. 66] denying Plaintiffs' Petition, and again in its Order of April 24, 2012 [Doc. No. 68] denying Plaintiffs' request to move for reconsideration.  In light of a recent Eighth Circuit decision, Rogers Group, Inc. v. City of Fayetteville, Arkansas, __ F.2d ___, 2012 WL 2579684, *11 (8th Cir. July 5, 2012), Plaintiffs again seek reconsideration of their Petition, although on different grounds.  (Letter of 7/10/12 from J. Schermer to J. Nelson [Doc. No. 75].)[1]  Specifically, Plaintiffs argue that even though the Court's November 2, 2011 Order granting an alternative writ of mandamus was not based on Plaintiffs' claims under 42 U.S.C. § 1983, Rogers Group supports an award of fees and costs nonetheless.  (Id..)  The Court issued the Alternative Writ of Mandamus pursuant to Plaintiffs' claims under the MBC Statute.  (Order of 11/2/11 [Doc. No. 53] & Alternative Writ [Doc. No. 54].)  Plaintiffs argue that their § 1983 claims in Count II of the Complaint arise from the same common nucleus of operative facts as their claims under the MBC Statute.  Because attorney's fees and costs may be awarded to the prevailing party in a § 1983 action pursuant to 42 U.S.C. § 1988(b), Plaintiffs argue they are

---

[1] In their previous request for reconsideration [Doc. No. 66], Plaintiffs argued that attorney's fees and costs were warranted pursuant to the Minnesota Payment of Wages Act, Minn. Stat. § 181.10, et seq.  The Court rejected that argument, noting that its November 2, 2011 ruling in which it granted an alternative writ of mandamus to Plaintiffs was based solely on Plaintiffs' claims arising under Minn. Stat. § 383B.751, relating to the Municipal Building Commission (the "MBC Statute").  The MBC Statute contains no provision for an award of attorney's fees and costs, nor do Minnesota's mandamus statutes provide for attorney's fees and costs.

entitled to seek attorney's fees and costs based on the Court's issuance of the Alternative Writ of Mandamus. (Letter of 7/10/12 at 2 [Doc. No. 75]; Letter of 7/17/12 at 2 [Doc. No. 77].)

In Rogers Group, the plaintiffs were operators of a limestone quarry who opposed the enforcement of a city ordinance regulating rock quarries. 2012 WL 2579684, at *1. The plaintiffs filed suit seeking relief under Arkansas state law as well as § 1983. They also filed a motion for a preliminary injunction to enjoin the city from enforcing the ordinance. Id. The district court granted the preliminary injunction, applying the factors set forth in Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir. 1981). The district court, applying Arkansas state law, noted that whether a lawful activity constitutes a nuisance is subject to judicial determination. Id. at *2. Because no court had determined that the plaintiff's quarry was a nuisance, the district court found that Rogers Group was likely to prevail on the merits of its state law claim. Id. The district court found no need to address the additional bases of Rogers Group's claims. Id.

Following the Eighth Circuit's affirmance of the grant of a preliminary injunction, the district court held a status conference at which the court expressed its view that Rogers Group was entitled to partial summary judgment on its state law claim. Id. at *3. The district court also observed that a ruling granting summary judgment on the state law claim would effectively render the remaining federal claims moot. Id. Shortly thereafter, the city repealed the relevant ordinance, replacing it with an amended ordinance. Id. at *3. The district court subsequently entered an order dismissing the remaining claims on mootness grounds. The quarry then moved for an award of attorney's fees and costs, which the district court granted. Id. at *4. In its order granting the petition for fees and costs, the district court found Rogers Group to be a "prevailing

3

party," entitled to a fee award under § 1988, even though the court never reached the constitutional claims under which fees and costs might be awarded. Id.  The court reasoned that the allegations in the complaint raised a substantial constitutional claim "sufficient to confer jurisdiction, which is sufficient to support an award of fees under § 1988." Id. (citing Kimbrough v. Ark. Activities Assoc., 574 F.2d 423, 426-27 (8th Cir. 1978)).

The city appealed the award of attorney's fees and the Eighth Circuit affirmed the award. In reaching its decision, the Eighth Circuit found that Rogers Group was a prevailing party for § 1988 purposes. Id. at *7.  In finding that Rogers Group was a prevailing party, the court first noted the existence of a court-ordered change in the legal relationship between Rogers Group and the city when the district court granted the preliminary injunction enjoining the city from enforcing the ordinance.  Id.  In addition, the Eighth Circuit observed that the district court had "engaged in a thorough analysis of the probability that Rogers Group would succeed on the merits of its claim that the city lacked authority to regulate or license the Quarry." Id.  Moreover, the Eighth Circuit found that the district court's grant of a preliminary injunction was an appealable judgment rendered in Roger's Group's favor.  Id.  Finally, the court found that when the district court issued the injunction, it granted Rogers Group the relief that it sought.  Id.

The court then concluded that Rogers Group was entitled to an award of attorney's fees under § 1988, even though the district court never reached its § 1983 claims, because the claims arose from a common nucleus of operative fact:

> We agree with the district court's conclusion and hold that if Rogers Group had invoked supplemental jurisdiction to bring the state-law claims, the district court could have concluded that the "allegations of the complaint raised a substantial constitutional claim sufficient to confer jurisdiction," as Rogers Group alleged in Count II that the ordinance violated the Due Process Clause of the Fourteenth

> Amendment and alleged in Count IV that the ordinance constituted an unconstitutional taking in violation of the Fifth and Fourteenth Amendments. Under both Counts II and IV, Rogers Group sought damages under § 1983. And, Rogers Group's claim that the City lacked authority under Arkansas law to regulate the Quarry—Count I—arises from the same "common nucleus of operative fact" as its federal constitutional claims. That is, all the claims concern the City's passage of an ordinance regulating rock quarries, including Rogers Group's Quarry.

Id. at *11.

Here, the Court finds the facts and procedural history of this case distinguishable from Rogers Group. Unlike the preliminary injunction issued in Rogers Group, this Court issued an Alternative Writ of Mandamus, presenting Defendants with the option of rehiring Plaintiffs with back pay or showing cause and proceeding with a full evidentiary hearing. (Order of 11/2/11 at 13 [Doc. No. 53].) The Court observed that while the MBC Statute was clear on its face, it also acknowledged Minnesota authority providing that some discretion for the removal of public employees based on the elimination or abolishment of positions could provide a valid excuse for noncompliance with the MBC Statute. (Id.) (emphasis in original). Therefore, unlike Rogers Group, this Court reached no determination as to whether Plaintiffs were likely to "prevail on the merits," as is required when analyzing a motion for a preliminary injunction. To the contrary, the Court acknowledged alternative positions under the MBC Statute and Minnesota case law and consequently provided alternative choices in the Alternative Writ. In Rogers Group, the district court's issuance of the preliminary injunction directed one result – enjoining the enforcement of the city ordinance. Moreover, the district court's order was both appealable and appealed. Here, the Alternative Writ of Mandamus directed Defendants to select one of two alternative courses. It expressly acknowledged that on a fuller record, Defendants' arguments might be meritorious.

The Court therefore finds that Rogers Group does not direct a different result warranting reconsideration of Plaintiffs' Petition for Fees and Costs.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

Defendants' letter request [Doc. No. 75] to permit a motion for reconsideration of this Court's April 17, 2012 and April 24, 2012 Orders is **DENIED**.

Dated: July 20, 2012

s/Susan Richard Nelson<br>
SUSAN RICHARD NELSON<br>
United States District Judge